**CITY OF SEVEN POINTS, Texas, and Walter Talliaferro, Mayor Pro Tem, Appellants,**

v.

**M.D. ANDERSON, Jr., et al., Appellees.**

No. 12–89–00112–CV.

Court of Appeals of Texas, Tyler.

June 30, 1992.

Ronald R. Waldie, Seven Points, for appellants.

Ronald D. Hinds, Dallas, for appellees.

OPINION ON REMAND

COLLEY, Justice.

This is a remand[1] from an appeal[2] from a writ of mandamus in district court in Henderson County. In 1988, a group of Seven Points citizens (petitioners) gathered approximately 207 signatures on a petition to call an election to disincorporate the City. The mayor, after appointing a committee to advise him, determined that there were 358 qualified voters in Seven Points

---

1. *Anderson v. City of Seven Points*, 806 S.W.2d 791 (Tex.1991).

2. *City of Seven Points v. Anderson*, 805 S.W.2d 794 (Tex.App.—Tyler 1990).

and only 176 "legal names" on the petition. The mayor concluded the petition did not contain signatures of over two-thirds of the qualified voters of Seven Points and accordingly, refused to call an election pursuant to Tex. Local Gov't Code Ann. § 62.002 (Vernon 1988). The petitioners sought a writ of mandamus in the district court mandating that the mayor call an election. After a trial without a jury, the trial court found that "[a] petition signed by at least two-thirds of the qualified voters of the City of Seven Points ... was presented to the Mayor...." The trial court granted the writ of mandamus and the City appealed. This Court initially held that a petitioner had to show an abuse of discretion by the executive office holder, the mayor of Seven Points, before a writ of mandamus could issue. *City of Seven Points v. Anderson*, 805 S.W.2d 794 (Tex.App.—Tyler 1990), *rev'd*, 806 S.W.2d 791 (Tex.1991). Since 1848, this state has held the belief that "acts of an officer having competent authority may be presumed to be in conformity with the law and as affording proof of the facts upon which such action was founded...." *Houston v. Perry*, 3 Tex. 390 (1848). This presumption stands only in the absence of competent evidence to the contrary. *See Cliff v. Huggins*, 724 S.W.2d 778 (Tex.1987). The Supreme Court held that there was no such burden on the petitioners. *Anderson v. City of Seven Points*, 806 S.W.2d 791. The Supreme Court held that when the petition was signed by two-thirds of the qualified voters, then:

> [N]othing is left to the exercise of discretion. Once the trial court determined that a majority of the qualified voters was less than 400 and the petition was signed by at least two-thirds of the qualified voters, the mayor had no discretion....

*Id.*, 806 S.W.2d at 793. From this, we accept that, when a mayor fixes the voter strength in a city, he or she is performing a ministerial act which involves no discretion. This Court does not have to determine how a city official establishes the number of voters in an incorporated area without that official using some discretion; we must only determine if the petitioners presented sufficient evidence to meet their burden of proof. The City of Seven Points stood on its finding that there were 358 qualified voters in Seven Points. The petitioners presented evidence that the number of qualified voters was between 240 and 250, or possibly as high as 290. The trial court did not make a finding of fact as to the number of qualified voters in Seven Points, only that there were the signatures of at least two-thirds of them on the petition. Unencumbered by a presumption that the mayor's count was accurate, the petitioners had to show by a preponderance of the evidence that at least two-thirds of the qualified voters had signed the petition; this is precisely the burden of proof that the petitioners met.

■ After a review of the entire record, only one thing is clear: that nobody knows how many qualified voters are in the corporate limits of Seven Points. There is some evidence to support the finding by the trial court. *Id.*, 806 S.W.2d at 795. In the face of some evidence to support the finding of the trial court, this Court may determine if there was sufficient evidence to support that finding or if the evidence is so greatly outweighed by evidence to the contrary that it does not support the finding. *See Lofton v. Texas Brine Corp.*, 720 S.W.2d 804 (Tex.1986) (per curiam); *Alm v. Aluminum Co. of America*, 717 S.W.2d 588 (Tex.1986); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986).

After reviewing the entire record, the evidence adduced by both parties seems to be of equal probative force; there is nothing to tip the scales in either direction, nothing of greater probative force to the contrary. The trier of fact is given great deference in determining the weight to be given conflicting testimony, here the trial court gave the testimony of the petitioners greater credence than that of the City. Under this circumstance, without more, we cannot overturn the trial court. Point of error two is overruled.

The City for the first time, on this remand, brings a point of error that there was a judicial admission by the petitioners

during the trial. There is no place in the record where this was brought to the trial court's attention by a motion for directed verdict, for judgment n.o.v., or for new trial. Point of error one is overruled.

The judgment of the trial court is *affirmed.*

