Office of the Attorney General · State of Texas



February 22, 2001

The Honorable Jeff Wentworth
Chair, Committee on Redistricting
Texas State Senate
P. O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0347

Re: Whether section 143.006(b) of the Texas Local Government Code authorizes a municipality's chief executive officer to appoint a person to fill the position of a member of the Fire Fighters' and Police Officers' Civil Service Commission whose term has expired, and related questions (RQ-0294-JC)

Dear Senator Wentworth:

Your predecessor as chair of the Committee on Redistricting, Senator Gallegos, asked this office a series of questions concerning section 143.006 of the Local Government Code, especially with respect to the issue of appointments to the Fire Fighters' and Police Officers' Civil Service Commission. We conclude that the end of a term is not a "vacancy" for the purposes of that statute, and further that the power to nominate a member to such a commission is given to the chief executive of the municipality, not to its governing body. Questions concerning the criminal provisions of the statute would require considerations of facts and circumstances of a sort in which this office does not engage in the opinion process, and accordingly we cannot answer them.

Section 143.006(b), which is central to your predecessor's concern, reads as follows:

> The commission consists of three members appointed by the municipality's chief executive and confirmed by the governing body of the municipality. Members serve staggered three-year terms with the term of one member expiring each year. *If a vacancy occurs* or if an appointee fails to qualify within ten days after the date of appointment, the chief executive shall appoint a person to serve for the remainder of the unexpired term in the same manner as the original appointment.

TEX. LOC. GOV'T CODE ANN. § 143.006(b) (Vernon 1999) (emphasis added).

Your predecessor asked first whether the expiration of a term is "considered a vacancy in the sense expressed by this section."[1] In our view it is not. A "vacancy" in this context clearly occurs during, and not at the end of, a term of office. Otherwise the provision that "the chief executive shall appoint a person to serve *for the remainder of the unexpired term*" would be meaningless. *See* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1998) (presumption that entire statute is intended to be effective).

Section 3 of article 1269m, Revised Civil Statutes, the pre-codification source law, is to the same effect. "Any such vacancies in said Commission, *caused by death, resignation, or otherwise*, or by failure of any appointee to qualify within ten (10) days after appointment, shall be filled in the manner hereinafter specified . . . ." *See* Act of May 15, 1947, 50th Leg., R.S., ch. 325, 1947 Tex. Gen. Laws 550, 551. This language makes it even more clear that the concern of the legislature was with filling vacancies within a term, such as might be caused by "death, resignation, or otherwise."[2]

The second question asked is whether, if "vacancy" includes the expiration of a term, "the appointment of another member to the commission need[s] confirmation by the governing body." Request Letter, *supra* note 1, at 1. As we noted above, "vacancy" is not to be so construed. Accordingly, we do not answer this question.

Your predecessor next questions whether the governing body of the municipality, by itself, may appoint commission members. While the statute gives the power of confirmation to the governing body, with equal clarity it gives the power to nominate to the chief executive. Nothing in the statutory language suggests that the governing body may usurp what the request letter refers to as "the right or responsibility to appoint commission members without consent or approval of the chief executive." *Id.*

A letter on this issue from the Mayor Pro Tempore of the City of South Houston draws our attention to a city ordinance, section 2-3(c)(2) of the Code of Ordinances, which provides that the mayor shall make vacancy appointments "not later than the second regular meeting of the city council after the vacancy occurs," and that in the event "the mayor fails or refuses to do so, the city council shall make such appointment[s] . . . ."[3] However, a municipal ordinance, even if enacted by a home rule city, is subordinate to a statute such as section 143.006. *See* TEX. CONST. art. 11, § 5 ("no charter or any ordinance passed under said charter shall contain any provision inconsistent with

---

[1]Letter from Honorable Mario Gallegos, Jr., State Senator, to Honorable John Cornyn, Attorney General of Texas at 1 (Oct. 9, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

[2]Pursuant to the Code Construction Act, TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998), prior law may be considered as an aid to construction, so long as it is not "used to alter or disregard the express terms of a code provision." *Fleming Foods of Texas, Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999). In this instance there is no substantive difference between the prior law and the code.

[3]Letter from Eloise Smith, Mayor Pro Tempore, City of South Houston, to Office of the Texas Attorney General (Dec. 11, 2000) (on file with Opinion Committee) [hereinafter Smith Letter].

. . . the general laws enacted by the Legislature of this State"). The City of South Houston is, we are informed, "a Type A General Law City." Smith Letter, *supra* note 3, at 1. As such its authority is yet more limited than that of a home rule city. "[M]unicipalities have no inherent right of self-government which is beyond the legislative control of the state. . . ." 52 TEX. JUR. 3D *Municipal Corporations* § 136 (1999). Accordingly, the provisions of the city's ordinance may not contravene the statutory scheme.

The final two questions concern another provision of the statute, section 143.006(h), which reads:

> The chief executive of a municipality or a municipal official commits an offense if the person knowingly or intentionally refuses to implement this chapter or attempts to obstruct the enforcement of this chapter. An offense under this subsection is a misdemeanor punishable by a fine of not less than $100 or more than $200.

TEX. LOC. GOV'T CODE ANN. § 143.006(h) (Vernon 1999).

We are asked, in relation to this statute, how many times a municipality's governing body may refuse to confirm the chief executive's appointment, and "[w]hen are these refusals considered a violation" of section 143.006(h). Request Letter, *supra* note 1, at 1. We note first that the statute is silent as to this question. It sets no particular limits in this regard. Further, a confirmation, like an appointment, would appear to be discretionary rather than ministerial. *See* Tex. Att'y Gen. Op. No. JC-0140 (1999) at 3 (appointment of constable to fill vacancy is discretionary, and mandamus will not lie against commissioners court to compel appointment). "An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991). If confirmation by the city council were merely ministerial, it would be supererogatory.

Finally, as to what would constitute sufficient evidence that either the chief executive or any other municipal official was "knowingly or intentionally refus[ing] to implement . . . or attempt[ing] to obstruct the enforcement of" this statute, such a determination would require fact-finding of the type in which we cannot engage in the opinion process.

## S U M M A R Y

A "vacancy" on the Fire Fighters' and Police Officers' Civil Service Commission, for the purposes of section 143.006 of the Texas Local Government Code, does not occur upon the expiration of a member's term. The appointment of another member by a municipality's chief executive requires confirmation by its governing body. However, the governing body has no independent power to appoint such members.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee