**Clifton Larry JANNISE, Relator,**

v.

**Honorable Clarence D. CAIN, Respondent.**

No. 09–88–248 CV.

Court of Appeals of Texas, Beaumont.

Oct. 27, 1988.

Rehearing Denied Nov. 9, 1988.

J.C. Zbranek and Richard G. Baker, Zbranek & Hight, P.C., Liberty, for relator.

Jerry E. Andress, First Asst. Dist. Atty., Liberty County, Liberty, for respondent.

## OPINION

BROOKSHIRE, Justice.

Petition for writ of mandamus. In the 75th Judicial District Court of Liberty County, on March 24, 1988, the Relator was convicted by a jury of the offense of sexual abuse of a child. The jury assessed punishment at ten (10) years confinement in the State Department of Corrections. The Relator filed his written notice of appeal on March 29, 1988.

■ On July 26, 1988, the Relator, Jannise, filed a motion requesting that he be furnished, free of charge, with a copy of the complete transcribed court reporter's notes for the purposes of appealing his conviction. The Relator's motion specifically requested that the complete record be prepared at the expense of Liberty County. On that same date in July, the Relator also filed an affidavit of indigency and requested that a hearing be conducted to determine whether or not the accused was, in fact, indigent. Then a hearing on the question of indigency was conducted on August 27, 1988.

The trial judge heard considerable evidence and testimony. Thereafter, the trial judge ruled and determined that the Relator was not entitled, as an indigent, to be furnished with a free record. A considerable amount of testimony and evidence was taken at the hearing on the affidavit of indigency. That indigency hearing, itself, has been transcribed by the court reporter and supplied to us. The district judge found that Jannise was not indigent. This petition for a writ of mandamus followed.

■ A writ of mandamus properly lies only in the case where the complained of action is ministerial in nature and the Relator has no adequate remedy at law. The attorney of record for the Relator at the trial of the case on the merits before the jury was a retained attorney. The question of indigency arose in this case after the jury's verdict was received and the judgment signed and sentence pronounced.

We conclude that the Relator, here, has an adequate remedy at law which is an appeal from the district court's ruling on the question of indigency. We have so held in a similar proceeding. It is signifi-

cant that we decided a similar situation by way of a direct appeal. *See Courtney v. State,* 718 S.W.2d 755 (Tex.App.—Beaumont 1986, pet. ref'd). Since our practice and decisions in the past have treated these matters as being properly appealable by the ordinary appellate process, we therefore hold that this Relator has an adequate remedy at law.

■ We also decide that the Relator's petition for writ of mandamus fails to comply with *TEX.R.APP.PROC. 121* in several particulars. The petition for writ of mandamus does not contain an affidavit verifying the truth of all the factual allegations made. *TEX.R.APP.P. 121(a)(2)(F).* The petition for mandamus does not comply with *TEX.R.APP.P. 121(a)(4)* which requires that the petition shall be accompanied by a certified or sworn copy of the order complained of, itself. *See also TEX. R.APP.P. 121(a)(2)(C).*

Writ of Mandamus DENIED.