TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03- 04- 00652-CV



Joe Louis Booker, Jr., Appellant



v.



Michele L. Henricks, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. GN303663, HONORABLE PATRICK O. KEEL, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Joe Louis Booker, Jr., filed a complaint with the Court Reporters Certification Board regarding an unlicensed court reporter who transcribed testimony in a criminal trial.
Concluding that it lacked jurisdiction, the Board dismissed Booker's complaint. Booker filed a petition for writ of mandamus in the district court against Michele L. Henricks,
Director of the Court Reporters Certification Board, to compel the Board to act on his disciplinary complaint; he also complained of the Board's failure to appoint him counsel
before dismissing his complaint. The district court granted final summary judgment in favor of Henricks. Booker appeals. We will affirm. 



BACKGROUND

 The focus of Booker's pro se arguments appears to be certain transcribed testimony from a 1996 criminal proceeding, Cause No. 37222, State of Texas v. Valerie Denise Parker,
in the 59th Judicial District Court of Grayson County. The testimony had been transcribed by Jane Cunningham, who at the time was holding herself out as a licensed court
reporter and who served as the official reporter of the 59th District Court. Evidently, this testimony was later used in a criminal prosecution of Booker. Booker is now
incarcerated. 

 In April 2003, Booker filed a disciplinary complaint with the Board against Cunningham, chiefly collaterally attacking the credibility of the testimony and Cunningham's
transcription of it. The Board reviewed Booker's complaint at a formal meeting on July 26, 2003. It voted to dismiss the complaint for lack of jurisdiction over Cunningham,
whom it had previously discovered had never been licensed as a court reporter. See Tex. Gov't. Code Ann. § 52.021 (West 2005) (prohibiting person not certified as shorthand
reporter from engaging in shorthand reporting or being appointed as official reporter of court). (1) 

 Booker filed a petition for writ of mandamus in the district court seeking to compel the Board to act on his disciplinary complaint against Cunningham. He also complained
that the Board failed to appoint him counsel before dismissing his complaint. The district court granted final summary judgment against Booker's claims. Booker now appeals. 

DISCUSSION

Booker brings six points of error on appeal. Two arguments have been preserved and are properly before us. First, Booker complains that the district court should not have
granted summary judgment and refused to compel the Board to act on his complaint, urging that the Board had jurisdiction over Cunningham. Second, Booker complains that
he was denied counsel at the time the Board reviewed his complaint and determined that it lacked jurisdiction. 

Standard of review

 We review the district court's grant of summary judgment de novo. Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 156 (Tex. 2004). To prevail on a motion for
summary judgment under rule 166a(c), the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. See id. at 157
(citing Tex. R. Civ. P. 166a(c)). Because the district court did not specify the ground upon which it granted summary judgment, the judgment must be upheld if we find that any
one of appellee's grounds is meritorious. See Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 217 (Tex. 2004). 

 The district court's grant of summary judgment rests in part upon its construction of chapter 52 of the government code. Statutory construction issues are generally questions of
law that are reviewed de novo. Bragg v. Edwards Aquifer Auth., 71 S.W.3d 729, 734 (Tex. 2002). In construing a statute, our objective is to determine and give effect to the
legislature's intent. City of San Antonio v. City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003); see also Tex. Gov't Code Ann. § 312.005 (West 2005). We look first to the "plain
and common meaning of the statute's words."Id. (citing State v. Gonzalez, 82 S.W.3d 327 (Tex. 2002)). Legislative intent is derived from the entire act, not isolated portions. Id. 


 A writ of mandamus is proper to compel a public official to perform a ministerial act. See Tex. R. App. P. 52; Tex. Gov't Code Ann. §§ 22.002, .221(a) (West 2005); Anderson
v. City of Seven Points, 806 S.W.2d 791, 793 (Tex. 1991). An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty
that nothing is left to the exercise of discretion. Anderson, 806 S.W.2d at 793. A writ of mandamus will not issue to compel a public official to perform an act that involves an
exercise of discretion. Id. 



Application

 Henricks sought summary judgment on two grounds. First, she argued that mandamus would not lie to compel the Board to act on a complaint over which it lacks jurisdiction.
Second, Henricks argued that the Board had no duty to provide counsel to Booker before it dismissed his complaint for want of jurisdiction. 

 The summary judgment evidence is undisputed that Cunningham is not, and never has been, a certified court reporter. When creating the Board's disciplinary scheme, the
legislature provided that a complaint may be filed against a certified shorthand reporter, see Tex. Gov't Code Ann. § 52.027(a), authorized the Board to set hearings on
complaints againstcertified shorthand reporters, see id. § 52.028(c), and required the Board to revoke or suspend, or refuse to renew, or issue a reprimand to a certified court
reporter for specified offenses. See id. § 52.029(a). The Board's jurisdiction in these disciplinary proceedings is thus limited to those involving certified court reporters. 

 The legislature did give the Board power to file a complaint or seek injunctive relief in district court against shorthand reporting by non-certified reporters. See id. § 52.021(g).
Should the Board seek an injunction or file a complaint under subsection (g), the Board shall be represented by the Attorney General and/or a county or district attorney, or
counsel designated by the Board. Id. (2) These types of proceedings are distinct from the administrative disciplinary proceedings initiated by Booker--and, in any event, are
expressly made discretionary with the Board. Id. ("the board may enforce this section by seeking an injunction or by filing a complaint against a person who is not certified by
the supreme court in the district court of the county in which that person resides or Travis County.") (emphasis added). Mandamus would not issue to compel Henricks to
perform these discretionary acts. Anderson, 806 S.W.2d at 793. The district court did not err in granting summary judgment against Booker's attempt to compel the Board to act
on his disciplinary complaint against Cunningham. 

 Nor did the district court err in granting summary judgment foreclosing Booker's complaint that he was entitled to counsel during the portion of the Board proceedings in which
it determined that it lacked jurisdiction to consider his disciplinary complaint. Nothing in chapter 52 requires the Board to provide counsel for complainants, although it is
undisputed that chapter 52 does so when a complaint proceeds to a formal evidentiary hearing. In her affidavit, Henricks explained that the Board initially reviews each
complaint during a formal meeting to determine if it has jurisdiction over the complaint and if the complaint has merit. At this stage, the Board does not hear evidence. It
dismisses any complaint lacking merit or over which it lacks jurisdiction. Complaints over which the Board finds it has jurisdiction and that appear to have merit are set for
formal evidentiary hearing. See also Tex. Gov't Code Ann. §§ 52.027-.029. Henricks testified that, if a complainant whose complaint is set for evidentiary hearing is not
represented by counsel, the Board will request that an Assistant Attorney General present evidence on behalf of the complainant. Here, it is undisputed that the Board dismissed
Booker's complaint upon its initial review and did not proceed to a formal evidentiary hearing. 





CONCLUSION

 Having found no error in the district court's grant of summary judgment, we affirm. 





 __________________________________________

 Bob Pemberton, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed: February 9, 2006

1. [1] In 2000, the Board, while reviewing a unrelated disciplinary complaint filed by Carlos Juan Patterson, a TDCJ inmate, had determined that Cunningham had never been
certified as a shorthand reporter and that it lacked jurisdiction to proceed against her. See Tex. Gov't. Code Ann. § 52.021 (West 2005). Ultimately, Cunningham entered into
an agreed order under which she would no longer engage in shorthand reporting in Texas. For several years prior to this, it appears that Cunningham had held herself out as a
certified court reporter. 

2. [2] When first discovering in the Patterson disciplinary proceeding that Cunningham had been shorthand reporting without certification, the Board had sought action by the
Grayson County Attorney and the Attorney General. No action was taken.