# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00652-CV

**Joe Louis Booker, Jr., Appellant**

**v.**

**Michele L. Henricks, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT NO. GN303663, HONORABLE PATRICK O. KEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Joe Louis Booker, Jr., filed a complaint with the Court Reporters Certification Board regarding an unlicensed court reporter who transcribed testimony in a criminal trial. Concluding that it lacked jurisdiction, the Board dismissed Booker's complaint. Booker filed a petition for writ of mandamus in the district court against Michele L. Henricks, Director of the Court Reporters Certification Board, to compel the Board to act on his disciplinary complaint; he also complained of the Board's failure to appoint him counsel before dismissing his complaint. The district court granted final summary judgment in favor of Henricks. Booker appeals. We will affirm.

## BACKGROUND

The focus of Booker's *pro se* arguments appears to be certain transcribed testimony from a 1996 criminal proceeding, Cause No. 37222, *State of Texas v. Valerie Denise Parker*, in the

59th Judicial District Court of Grayson County. The testimony had been transcribed by Jane Cunningham, who at the time was holding herself out as a licensed court reporter and who served as the official reporter of the 59th District Court. Evidently, this testimony was later used in a criminal prosecution of Booker. Booker is now incarcerated.

In April 2003, Booker filed a disciplinary complaint with the Board against Cunningham, chiefly collaterally attacking the credibility of the testimony and Cunningham's transcription of it. The Board reviewed Booker's complaint at a formal meeting on July 26, 2003. It voted to dismiss the complaint for lack of jurisdiction over Cunningham, whom it had previously discovered had never been licensed as a court reporter. *See* Tex. Gov't. Code Ann. § 52.021 (West 2005) (prohibiting person not certified as shorthand reporter from engaging in shorthand reporting or being appointed as official reporter of court).[1]

Booker filed a petition for writ of mandamus in the district court seeking to compel the Board to act on his disciplinary complaint against Cunningham. He also complained that the Board failed to appoint him counsel before dismissing his complaint. The district court granted final summary judgment against Booker's claims. Booker now appeals.

---

[1] In 2000, the Board, while reviewing a unrelated disciplinary complaint filed by Carlos Juan Patterson, a TDCJ inmate, had determined that Cunningham had never been certified as a shorthand reporter and that it lacked jurisdiction to proceed against her. *See* Tex. Gov't. Code Ann. § 52.021 (West 2005). Ultimately, Cunningham entered into an agreed order under which she would no longer engage in shorthand reporting in Texas. For several years prior to this, it appears that Cunningham had held herself out as a certified court reporter.

## DISCUSSION

Booker brings six points of error on appeal. Two arguments have been preserved and are properly before us. First, Booker complains that the district court should not have granted summary judgment and refused to compel the Board to act on his complaint, urging that the Board had jurisdiction over Cunningham. Second, Booker complains that he was denied counsel at the time the Board reviewed his complaint and determined that it lacked jurisdiction.

### Standard of review

We review the district court's grant of summary judgment *de novo. Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). To prevail on a motion for summary judgment under rule 166a(c), the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See id*. at 157 (citing Tex. R. Civ. P. 166a(c)). Because the district court did not specify the ground upon which it granted summary judgment, the judgment must be upheld if we find that any one of appellee's grounds is meritorious. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 217 (Tex. 2004).

The district court's grant of summary judgment rests in part upon its construction of chapter 52 of the government code. Statutory construction issues are generally questions of law that are reviewed *de novo. Bragg v. Edwards Aquifer Auth.*, 71 S.W.3d 729, 734 (Tex. 2002). In construing a statute, our objective is to determine and give effect to the legislature's intent. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003); *see also* Tex. Gov't Code Ann. § 312.005 (West 2005). We look first to the "plain and common meaning of the statute's words."

*Id*. (citing *State v. Gonzalez*, 82 S.W.3d 327 (Tex. 2002)).  Legislative intent is derived from the entire act, not isolated portions.  *Id*.

A writ of mandamus is proper to compel a public official to perform a ministerial act.  *See* Tex. R. App. P. 52; Tex. Gov't Code Ann. §§ 22.002, .221(a) (West 2005); *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991).  An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion.  *Anderson*, 806 S.W.2d at 793.  A writ of mandamus will not issue to compel a public official to perform an act that involves an exercise of discretion.  *Id.*

**Application**

Henricks sought summary judgment on two grounds.  First, she argued that mandamus would not lie to compel the Board to act on a complaint over which it lacks jurisdiction.  Second, Henricks argued that the Board had no duty to provide counsel to Booker before it dismissed his complaint for want of jurisdiction.

The summary judgment evidence is undisputed that Cunningham is not, and never has been, a certified court reporter.  When creating the Board's disciplinary scheme, the legislature provided that a complaint may be filed against a *certified* shorthand reporter, *see* Tex. Gov't Code Ann. § 52.027(a), authorized the Board to set hearings on complaints against *certified* shorthand reporters, *see id*. § 52.028(c), and required the Board to revoke or suspend, or refuse to renew, or issue a reprimand to a *certified* court reporter for specified offenses.  *See id*. § 52.029(a).  The Board's jurisdiction in these disciplinary proceedings is thus limited to those involving certified court reporters.

4

The legislature did give the Board power to file a complaint or seek injunctive relief in district court against shorthand reporting by non-certified reporters. *See id*. § 52.021(g). Should the Board seek an injunction or file a complaint under subsection (g), the Board shall be represented by the Attorney General and/or a county or district attorney, or counsel designated by the Board. *Id*.[2] These types of proceedings are distinct from the administrative disciplinary proceedings initiated by Booker—and, in any event, are expressly made discretionary with the Board. *Id*. ("the board *may* enforce this section by seeking an injunction or by filing a complaint against a person who is not certified by the supreme court in the district court of the county in which that person resides or Travis County.") (emphasis added). Mandamus would not issue to compel Henricks to perform these discretionary acts. *Anderson*, 806 S.W.2d at 793. The district court did not err in granting summary judgment against Booker's attempt to compel the Board to act on his disciplinary complaint against Cunningham.

Nor did the district court err in granting summary judgment foreclosing Booker's complaint that he was entitled to counsel during the portion of the Board proceedings in which it determined that it lacked jurisdiction to consider his disciplinary complaint. Nothing in chapter 52 requires the Board to provide counsel for complainants, although it is undisputed that chapter 52 does so when a complaint proceeds to a formal evidentiary hearing. In her affidavit, Henricks explained that the Board initially reviews each complaint during a formal meeting to determine if it has jurisdiction over the complaint and if the complaint has merit. At this stage, the Board does

---

[2] When first discovering in the Patterson disciplinary proceeding that Cunningham had been shorthand reporting without certification, the Board had sought action by the Grayson County Attorney and the Attorney General. No action was taken.

not hear evidence. It dismisses any complaint lacking merit or over which it lacks jurisdiction. Complaints over which the Board finds it has jurisdiction and that appear to have merit are set for formal evidentiary hearing. *See also* Tex. Gov't Code Ann. §§ 52.027-.029. Henricks testified that, if a complainant whose complaint is set for evidentiary hearing is not represented by counsel, the Board will request that an Assistant Attorney General present evidence on behalf of the complainant. Here, it is undisputed that the Board dismissed Booker's complaint upon its initial review and did not proceed to a formal evidentiary hearing.

## CONCLUSION

Having found no error in the district court's grant of summary judgment, we affirm.

_____

Bob Pemberton, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed: February 9, 2006

6