COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-172-CV

THUMPERS CUSTOM CAR APPELLANTS

STEREO, INC. AND

WILLIAM B. STANLEY, 

INDIVIDUALLY AND D/B/A

THUMPERS ULTIMATE AUDIO

V.

JESUS MARTINEZ, INDIVIDUALLY                                      APPELLEES

AND AS REPRESENTATIVE OF THE

ESTATE OF JUAN C. MARTINEZ, DECEASED;

ADRIAN MARTINEZ; SANTIAGO MARTINEZ, 

AS NEXT FRIEND OF EDGAR MARTINEZ AND

YULIANA MARTINEZ, MINOR CHILDREN; 

AND RAUL MARTINEZ, INDIVIDUALLY AND

AS NEXT FRIEND OF CESAR MARTINEZ, 

MARIA DE JESUS MARTINEZ, 

AND MARTIN MARTINEZ, MINOR CHILDREN

------------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

i.  Introduction

This is an interlocutory appeal from the trial court’s order denying special appearances filed by Appellants Thumpers Custom Car Stereo, Inc. (“Thumpers Inc.”) and William B. Stanley, individually and d/b/a Thumpers Ultimate Audio (collectively “Appellants”)
.  
See 
Tex. R. Civ. P.
 120a; 
Tex. Civ. Prac. & Rem. Code Ann
.
 § 51.014 (
Vernon Supp. 2006).  Because the evidence is legally insufficient to support the trial court’s findings that Appellants had continuous and systematic contacts with Texas, the trial court’s assertion of general jurisdiction over Appellants was erroneous.  Accordingly, we will reverse.

II.  Factual Background

William B. Stanley is a resident of Arkansas and was doing business in Arkansas as Thumpers Ultimate Audio, later incorporated as Thumpers Custom Car Stereo, Inc.  Thumpers is a custom stereo store located solely in Springdale, Arkansas.  Appellants have no offices, warehouses, or other places of business in Texas, nor do they have any representatives, employees, or agents in Texas.

In March 2003, Juan Martinez, a Texas resident, was temporarily staying with family members in Arkansas.  Juan was wheelchair bound as a result of a prior workplace injury.  While Juan was staying in Arkansas, he and his brother, Antonio Martinez, purchased car audio equipment from Appellants’ Springdale, Arkansas store,
(footnote: 2) and Appellants installed the equipment in Juan’s van at the Springdale location.  Also in March 2003, Antonio had the van’s stereo equipment serviced at Appellants’ store in Arkansas.  Juan subsequently returned to Texas.  

Approximately one year after Appellants installed the stereo equipment in Juan’s van, the van caught fire on a Tarrant County roadway.  At the time of the fire, Adrian Martinez was driving the van and Juan was a front seat passenger.  Other members of the Martinez family—Jesus, Yuliana, Edgar, Raul, Cesar, Maria de Jesus, and Martin Martinez—were all passengers in the van. Juan burned to death in the fire, but the other Martinez family members escaped with injuries. 

Appellees, Jesus Martinez, individually and as representative of the estate of Juan C. Martinez; Adrian Martinez; Santiago Martinez, as next friend of Edgar Martinez and Yuliana Martinez, minor children; and Raul Martinez, individually and as next friend of Cesar Martinez, Maria de Jesus Martinez, and Martin Martinez, minor children, (collectively “Appellees”) sued Appellants and others in Tarrant County, claiming that the fire was partially caused by allegedly defective stereo products and components that Appellants installed in the van. Appellants filed special appearances, arguing that the trial court lacked jurisdiction over them.

A.  Evidence at the Special Appearance Hearing

Appellees opposed the special appearances, contending that they had pleaded facts sufficient to support the trial court’s exercise of general and specific personal jurisdiction over Appellants.
(footnote: 3)  To negate these alleged bases for personal jurisdiction, Appellants presented William Stanley’s affidavit, Jeff Bechaud’s affidavit, some of Appellants’ business records, and probate records from Washington County, Arkansas. 

Stanley explained in his affidavit that Appellants’ only store was in Springdale, Arkansas and that Appellants had no business presence, bank accounts, real property, personal property, or agents for service of process in Texas.  Stanley also stated that Appellants never sold or serviced Thumpers’s products in Texas, did not advertise or solicit business in Texas, and did not know that the Martinez van would be driven to Texas.

Jeff Bechaud—Thumpers’s store manager—stated in his affidavit that none of the Martinez family members who were present when Juan purchased the stereo equipment indicated that the van was from Texas, that any of them lived in Texas, or that any of them planned to move to or return to Texas. Bechaud’s affidavit further explained that Thumpers’s business records documenting the Martinez transaction prove that Thumpers sold and serviced its stereo equipment in Arkansas and that the Martinezes were Arkansas residents when the sale was made.  The records referenced by Bechaud show that the transactions at issue were “billed to” and “shipped to” Antonio Martinez at a Springdale, Arkansas residence.  

Finally, probate records from Washington County, Arkansas show that  Juan, Jesus, Maria, Antonio, and Martha Martinez were all Arkansas residents. The records indicate that Jesus Martinez—Juan Martinez’s father—sought to be named administrator of Juan’s estate.  Jesus filed the original petition for appointment of an administrator on April 13, 2004—twenty-eight days after Juan died in Tarrant County in the van fire.  In that original petition, Jesus verified that he, Juan, Antonio, Maria, and Martha Martinez were all residents of Springdale, Arkansas and that Juan’s estate included Juan’s home located in Springdale, Arkansas.  

In an effort to establish the trial court’s general jurisdiction over  Appellants, Appellees presented the affidavits of Antonio and Mario Martinez,  invoices from three Texas businesses, the deposition of William Stanley, and probate records from Parker County, Texas.  Antonio, in his affidavit, stated that he was with Juan when Juan purchased the stereo equipment from Thumpers and that he had informed a Thumpers employee, over the course of several visits, that the stereo equipment was for a person who lived in Texas. Antonio’s affidavit also indicated that he “sign[ed] paperwork and [made] payments on behalf of [his] brother Juan.”  Mario Martinez’s affidavit merely indicated that he was at the store with Antonio and Juan when they purchased the equipment and that he had overheard Antonio tell a Thumpers employee that Juan would be returning to Texas.
(footnote: 4) 

The invoices relied upon by Appellees at the special appearance hearing establish that Thumpers purchased five to six percent of its inventory from three Texas companies—Progressive Concepts, Inc., Southwest Electronix Supply Company, and T&W Sales, Inc.  Finally, the Parker County, Texas probate records show that Jesus Martinez filed an application for appointment of a temporary and permanent administrator of Juan Martinez’s estate in Parker County and alleged that Springtown, Parker County, Texas was both the domicile and residence of Jesus, Juan, and Maria Martinez when Juan died.  

Following the special appearance hearing, the trial court issued an order denying Appellants’ special appearances.  

B.  Findings of Fact and Conclusions of Law

After denying Appellants’ special appearances, the trial court made the following findings of fact:  

Defendant William B. Stanley was a sole proprietorship doing business as Thumpers Ultimate Audio;

William B. Stanley acted by and through his employees, acting within the course and scope of their employment with William B. Stanley;

Thumpers Ultimate Audio sold and installed the stereo equipment which is the subject of this lawsuit;

This Court has Personal Jurisdiction over William B. Stanley, doing business as Thumpers Ultimate Audio;

William B. Stanley, doing business as Thumpers Ultimate Audio had continuing and systematic contacts with the State of Texas, including:

multiple contracts with Texas residents for the delivery of goods within the State of Texas;

correspondence and communications with Texas residents related to contracts to be performed in the State of Texas;

returning goods to Texas residents to demand repairs in accordance with the contracts;

purchasing goods “F.O.B.” Fort Worth, Texas;

paying monies in Texas for products to be resold;

applying for credit with Texas residents;

agreeing to be bound by contracts executed in Texas;

selling its products to Texas residents;

providing service to Texas residents for products sold in the State of Texas, according to the affidavits of Antonio Martinez and Mario Martinez;

initiating contacts with Texas residents in order to enter into contracts and to secure credit;

doing business with Texas residents on what Mr. Stanley admitted was “a systematic and continuous basis[;]”

purposefully selling the audio equipment in question to a Texas resident[,] according to the affidavits of Antonio Martinez and Mario Martinez;

selling and installing audio equipment in the van[,] which the employees of Thumpers Ultimate Audio knew was going to be driven to Texas[,] according to the affidavits of Antonio Martinez and Mario Martinez;

knowingly contracting with a Texas resident[,] according to the affidavits of Antonio Martinez and Mario Martinez;

entering into a contract with a Texas resident[,] according to the affidavits of Antonio Martinez and Mario Martinez/ and

delivering the product in question with the expectation that it would reach Texas[,] according to the affidavits of Antonio Martinez and Mario Martinez;

five to six percent of Defendant’s annual purchases were products purchased in Fort Worth, Texas;

Mr. Stanley has no personal knowledge of any of the facts described in his affidavit attached to Defendant Thumpers Custom Car Stereo, Inc.’s Special Appearance and Motion to Dismiss for Lack of Personal Jurisdiction.  Further, Mr. Stanley is unaware of what warranties are required, what duties are imposed by law, and has no knowledge of the terms used in his Affidavit.

And the trial court made the following conclusions of law:

This Court has general jurisdiction over Defendant William B. Stanley under the Texas Long-Arm Statute.

This Court has general jurisdiction over Defendant William B. Stanley d/b/a Thumpers Ultimate Audio, under the Texas Long-Arm Statute.

The Court takes judicial notice of the contents of the file in this matter.

III.  Legal Sufficiency Challenges

In their first issue, Appellants contend that the evidence is legally insufficient to support the trial court’s findings of fact 5(h), 5(i), and 5(k),  which the trial court relied upon to conclude that Appellants had continuous and systematic contacts with Texas.
(footnote: 5)
 We review the trial court’s findings of fact by the same standards that we apply in reviewing the evidence supporting a jury’s answers.  
See Anderson v. City of Seven Points
, 806 S.W.2d 791, 794 (Tex. 1991).  In reviewing a finding’s legal sufficiency, we consider only the evidence and inferences that support the challenged finding and disregard all contrary evidence and inferences unless the evidence could not be rejected by the fact finder.  
City of Keller v. Wilson
, 168 S.W.3d 802, 827 (Tex. 2005).  We uphold the trial court's finding against a legal sufficiency challenge if there is any probative evidence to support the finding.  
Anderson
, 806 S.W.2d at 795; 
see also CNOOC Se. Asia Ltd. v. Paladin Res. (Sunda) Ltd.
, No. 5-05-01256-CV, 2006 WL 2257777, at *3 (Tex. App.—Dallas Aug. 8, 2006, no pet.).

A.  Evidence Regarding Finding 5(h)

In finding of fact 5(h), the trial court found that Appellants sold their products to Texas residents.  Because we must consider all evidence and inferences that support the challenged finding, we look to any evidence demonstrating that Appellants sold their products to multiple Texas residents.  
See City of Keller
, 168 S.W.3d at 827.  After a thorough review, however, the record contains no evidence that Appellants sold products to any Texas resident (other than Juan).

Although the affidavits of Antonio and Mario Martinez assert that Appellants knew that Juan was a Texas resident and would drive the van back to Texas, this is not evidence that Appellants sold products to 
multiple
 Texas residents.  No evidence exists in the record before us that Appellants sold any products to other Texas residents.  In fact, even Appellees’ response to the special appearances avoids alleging that Appellants sold products to Texas residents, carefully alleging only that Thumpers sold “its product to Texas resident [sic]” and that Appellants “purposefully sold the audio equipment to 
a
 Texas resident.”

The record must contain probative evidence to support the trial court’s finding that Appellants sold their products to multiple Texas residents before we can uphold the finding.  
See Anderson
, 806 S.W.2d at 795.  The record before us however is devoid of any such evidence.  Accordingly, we hold that the evidence is legally insufficient to support the trial court’s finding that Appellants sold products to Texas residents other than Juan.  
See Lewis v. Dallas Soundstage, Inc.
, 167 S.W.3d 906, 912 (Tex. App.—Dallas 2005, no pet.).

B.  Evidence Regarding Finding 5(i)

In finding of fact 5(i) the trial court found that, according to the affidavits of Antonio and Mario Martinez, Appellants provided service to Texas residents for products sold in Texas.  We have reviewed 
Antonio’s and Mario’s affidavits, and neither of them state that Appellants sold products in Texas or provided service to a Texas resident.  Both affidavits simply indicate that Appellants installed their products in and provided service to Juan’s van in Arkansas.  No evidence exists that would support the trial court’s finding that the products in question, or any other products, were sold by Appellants in Texas or that Appellants provided service to Texas residents for products sold in Texas.  Accordingly, we hold that the evidence is legally insufficient to support the trial court’s finding of fact 5(i).  
See Anderson, 
806 S.W.2d at 795
.

C.  Evidence Regarding Finding 5(k)

In finding of fact 5(k), the trial court found that Stanley admitted that Appellants did business with Texas residents on a systematic and continuous basis.  The undisputed evidence establishes that Appellants purchased inventory products from three Texas companies—Progressive Concepts, Inc., Southwest Electronix Supply Company, and T&W Sales, Inc.  Appellants contend that these purchases were not systematic and continuous and that Stanley never admitted that they were. 

When questioned about Appellants’ dealings with the three Texas entities, Stanley testified at his deposition as follows: 

Q: Is [it] fair to say [that] for the last five or six years you’ve been doing business with Progressive Concepts, Inc. . . . on a continuous basis?

A: Yes.

Q: And likewise for however many years since at least through – let me try again.  Is it fair to say since 2004 you’ve been doing business with Southwest Electronix Supply Company on a continuous and systematic basis?

A: Well, it’s not been very systematic because we use them as a backup.

* * *

Q: To whatever level you’ve using [sic] them, it’s systematic and continuous that you’ve used them?

* * *

A: We do use them as a backup for us and it’s not continuous, it’s sporadic.

* * *

Q: Have you been doing business with [T&W Sales, Inc.] continuously since the date that you’all first began a relationship?

A: Yes.

This testimony does not reflect that Stanley admitted to doing business with Texas residents on a systematic and continuous basis.  At most, it provides some evidence that for several years Appellants purchased some products from Texas vendors.  No evidence exists that Stanley admitted systematic and continuous business with Texas residents, other than purchasing goods from three Texas vendors for a period of time.  Accordingly, we hold that the evidence is legally insufficient to support the trial court’s finding of fact 5(k).  
See id.
 

We sustain Appellants’ first issue.

IV.  Trial Court’s Exercise of Personal Jurisdiction

In issues two, three, and four, Appellants challenge the trial court’s exercise of personal jurisdiction over them.  Appellants contend that the contacts supported by the evidence are insufficient to support the exercise of general jurisdiction over them, and that the exercise of jurisdiction over them would offend traditional notions of fair play and substantial justice.  

A.  Burden of Proof and Standard of Review for Personal Jurisdiction

 The plaintiff bears the initial burden of pleading sufficient allegations to bring a nonresident defendant within the provisions of the Texas long-arm statute.  
BMC Software Belg., N.V. v. Marchand
, 83 S.W.3d 789, 793 (Tex. 2002).  A nonresident defendant challenging a Texas court's personal jurisdiction over it must negate all jurisdictional bases.  
Id.
; 
Kawasaki Steel Corp. v. Middleton
, 699 S.W.2d 199, 203 (Tex. 1985).  
On appeal, we determine the special appearance on the basis of the pleadings, any stipulations made by and between the parties, such affidavits and attachments as may be filed by the parties, the results of discovery processes, and any oral testimony.  
Tex. R. Civ. P.
 120a(3); 
De Prins v. Van Damme
, 953 S.W.2d 7, 18-19 (Tex. App.—Tyler 1997, writ denied).

Whether a trial court has personal jurisdiction over a defendant is a question of law.  
Marchand
, 83 S.W.3d at 794 (disapproving of abuse of discretion standard of review).  But proper exercise of personal jurisdiction must sometimes be preceded by resolution of underlying factual disputes, typically whether a defendant has sufficient contacts with Texas.  
See Botter v. Am. Dental Ass’n
, 124 S.W.3d 856, 861 (Tex. App.—Austin 2003, no pet.).

Texas c
ourts may exercise jurisdiction over a nonresident defendant only if the exercise of jurisdiction is authorized by the Texas long-arm statute and comports with state and federal constitutional guarantees of due process.  
Id.
  The long-arm statute authorizes the exercise of jurisdiction over a nonresident that is “doing business” in Texas.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 17.042 (Vernon 1997).  The long-arm statute defines “doing business” as: (1) contracting by mail or otherwise with a Texas resident with either whole or part performance in the state; (2) committing a tort in the state; (3) recruiting Texas residents for employment inside or outside the state; or (4) performing any other act that may constitute doing business.  
Id.
  Although the Supreme Court of Texas held that there must be both authorization by the long-arm statute and adherence with due process limitations, 
see BMC Software
, 83 S.W.3d at 795, the long-arm statute is satisfied if the exercise of personal jurisdiction comports with federal due process limitations.  
See Michel v. Rocket Eng’g Corp.
, 45 S.W.3d 658, 668 (Tex. App.—Fort Worth 2001, no pet.).  Accordingly, if the exercise of jurisdiction comports with federal due process, then it is authorized by the long-arm statute.  
See Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.
, 815 S.W.2d 223, 226 (Tex. 1991).  

The federal due process test consists of two parts: (1) whether the nonresident defendant purposely established “minimum contacts” in the forum state; and (2) if so, whether the exercise of personal jurisdiction comports with “fair play and substantial justice.”  
Burger King. Corp. v. Rudzewicz
, 471 U.S. 462, 475-76, 105 S. Ct. 2174, 2183-84 (1985); 
Guardian Royal
, 815 S.W.2d at 230-31.  A nonresident’s contacts with the forum state may give rise to either specific or general jurisdiction.  
BMC Software
, 83 S.W.3d at 795-96.  Specific jurisdiction exists where the defendant’s alleged liability stems from an activity conducted within the forum state.  
Id.
 at 796.  General jurisdiction exists where the defendant made continuous and systematic contacts with the forum state.  
Id.

1.  No Specific or General Jurisdiction over Thumpers Inc.

Appellees’ special appearance evidence, produced through affidavits and exhibits, and each of the trial court’s findings of fact and conclusions of law, pertain exclusively to Stanley and Thumpers Ultimate Audio.  Stanley’s affidavit demonstrates that Thumpers Inc. was not created until April 2005—more than two years after Juan and Antonio purchased the stereo equipment at issue. Aside from its inclusion in the style of the case, “Thumpers Inc.” appears nowhere in the trial court’s findings of fact and conclusions of law.  The conclusions of law state only that the trial court has general jurisdiction over “Defendant William B. Stanley” and “Defendant William B. Stanley d/b/a Thumpers Ultimate Audio.”  No evidence or finding of fact exists pertaining to the exercise of personal jurisdiction over Thumpers Inc.  
Applying a de novo standard of review, we hold that Thumpers Inc. negated all jurisdictional bases and that the trial court erred by denying Thumpers Inc.’s special appearance.  
See Kawasaki Steel Corp.
, 699 S.W.2d at 203. 

2.  No Specific Jurisdiction over Stanley or Thumpers Ultimate

Audio

Although the trial court concluded that it possessed general jurisdiction—not specific jurisdiction—over Appellants, Appellees contend on appeal that the trial court’s findings of fact also support a conclusion that specific jurisdiction exists over Stanley and Thumpers Ultimate Audio. 

For a court to exercise specific jurisdiction over a nonresident defendant, two requirements must be met: (1) the defendant’s contacts with the forum must be purposeful conduct and not the unilateral activity of the plaintiff, and (2) the cause of action must arise from or relate to those contacts.  
Guardian Royal
, 815 S.W.2d at 227.  The minimum contact analysis in a specific jurisdiction case focuses on the relationship between the defendant, the forum, and the litigation.  
Id.
 at 228.

Here, the sole transaction in evidence was performed in Arkansas, the purchase order was placed in Arkansas, and Antonio and Juan paid for and accepted the products in Arkansas.  Appellees nonetheless contend that Stanley and Thumpers Ultimate Audio purposefully sold equipment to a Texas resident, knowing that the Texas resident would return to Texas with the equipment.

Standing alone, a nonresident’s action in merely contracting with a Texas resident for performance of a contract wholly outside of Texas is insufficient to trigger specific jurisdiction in Texas.  
See Freudensprung v. Offshore Technical Servs., Inc.
, 379 F.3d 327, 344 (5th Cir. 2004); 
Holt Oil & Gas Corp. v. Harvey
, 801 F.2d 773, 778 (5th Cir. 1986); 
Blair Commc’ns, Inc. v. SES Survey Equip. Servs., Inc.
, 80 S.W.3d 723, 730 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding that nonresident defendant who performed entire contract outside of Texas was not subject to specific jurisdiction even though it initiated contract discussions with a Texas resident, entered into a contract with a Texas resident, and made payments in Texas); 
3-D Elec. Co. v. Barnett Constr. Co.
, 706 S.W.2d 135, 143-44 (Tex. App.—Dallas 1986, writ ref’d n.r.e.) (same); 
see also, e.g., Holt Oil & Gas Corp
, 801 F.2d at 778 (same); 
Stuart v. Spademan
, 772 F.2d 1185, 1192-94 (5th Cir. 1985) (same). 

The facts in the record before us—Appellants’ contract with a Texas resident that was performed wholly in Arkansas—do not support the exercise of specific jurisdiction over Stanley and Thumpers Ultimate Audio.  
See Guardian Royal
, 815 S.W.2d at 227; 
Yfantis v. Balloun
, 115 S.W.3d 175, 183 (Tex. App.—Fort Worth 2003, no pet.). 

3. No General Jurisdiction Over Stanley or Thumpers Ultimate Audio

In their second issue, Stanley and Thumpers Ultimate Audio contend that the contacts they had with Texas were insufficient to subject them to the general jurisdiction of Texas courts.  Appellees contend that Appellants initiated contacts and ultimately contracted with three Texas vendors that were Texas residents—Southwest Electronix Supply Company, Inc., Progressive Concepts, Inc. and T&W Sales, Inc.—for the delivery of goods within Texas; communicated with these Texas vendors for the purchase of stereo equipment; made five to six percent of Appellants’ total inventory purchases in Texas through these vendors; purchased equipment “F.O.B.” Fort Worth, Texas; paid monies under these contracts in Texas; applied for and secured credit from Texas residents;  sold stereo equipment to a Texas resident who would be traveling back to Texas; and provided service and warranties to a Texas resident. 

General jurisdiction allows a forum to exercise jurisdiction over a defendant even if the cause of action did not arise from or relate to a defendant’s contacts with the forum.  
Helicopteros Nacionales de Colombia, S.A. v. Hall
, 466 U.S. 408, 414-16, 104 S. Ct. 1868, 1872-73 (1984); 
Guardian Royal
, 815 S.W.2d at 228.  General jurisdiction is only present, however, when a defendant’s contacts with a forum are “continuous and systematic,” a more demanding minimum-contacts analysis than specific jurisdiction.  
Guardian Royal
, 815 S.W.2d at 228.  General jurisdiction is premised on the notion of consent.  
See Am. Type Culture Collection, Inc. v. Coleman
, 83 S.W.3d 801, 808 (Tex. 2002), 
cert. denied
, 537 U.S. 1191 (2003).  That is, by invoking the benefits and protections of a forum’s laws, a nonresident defendant consents to being sued there.  
Id.
  When determining whether general jurisdiction exists, we do not view each contact in isolation.  
Id.
  Rather, all contacts must be carefully investigated, compiled, sorted, and analyzed for proof of a pattern of continuing and systematic activity.  
Id.
; 
Schlobohm v. Schapiro
, 784 S.W.2d 355, 359 (Tex. 1990).

Here, the contacts that Appellees rely on to establish Appellants’ alleged continuous and systematic contacts with Texas revolve exclusively around two types of alleged contacts—Appellants’ one-time sale of and installation of stereo equipment in Arkansas and Appellants’ purchase of five to six percent of their inventory from three Texas vendors.
(footnote: 6)
 The evidence is undisputed that the one-time sale to Juan and Antonio occurred exclusively in Arkansas.  Juan and Antonio ordered the equipment, paid for it, had it installed, and had it serviced a week later, all in Arkansas.  We hold that the one-time sale of stereo equipment in Arkansas, even if to a known Texas resident, is insufficient to establish continuous and systematic contacts for general jurisdiction.  
See Guardian Royal
, 815 S.W.2d at 228.

Although Appellants made five to six percent of their inventory purchases from Texas vendors, “mere purchases, even if occurring at regular intervals, are not enough to warrant a State’s assertion of in personam jurisdiction over a nonresident [defendant] in a cause of action not related to those purchased transactions.”  
Helicopteros
, 466 U.S. at 418, 104 S. Ct. at 1874 (holding that purchasing eighty percent of helicopter fleet and other equipment was not sufficient, by itself, to warrant assertion of personal jurisdiction).  The contacts relied upon by Appellees are not sufficient to satisfy the demanding requirement of showing continuous and systematic contacts.  
See Coleman
, 83 S.W.3d at 807-09 (holding that “ATCC's purchases from Texas vendors will not alone support the exercise of general jurisdiction”); 
Yfantis
, 115 S.W.3d at 181 (holding that “the mere fact that Yfantis entered into this contract with a Texas corporation does not support the trial court's exercise of general jurisdiction over him”).

Looking at all of Appellants’ contacts, and focusing on the quality of the contacts rather than the quantity, collectively, Appellant’s actions do not establish a pattern of continuous and systematic contacts.  
Coleman
, 83 S.W.3d at 
809-10; 
Schlobohm
, 784 S.W.2d at 359.  We hold that Stanley and Thumpers Ultimate Audio did not purposefully establish minimum contacts with Texas.  We sustain Stanley and Thumpers Ultimate Audio’s second issue.

V.  Conclusion

Having sustained Appellants’ first two issues, we need not address Appellants’ issues three and four.  
See 
Tex. R. App. P.
 47.1.  We reverse the trial court’s order and render judgment dismissing the claims against Stanley, Thumpers Ultimate Audio, and Thumpers Inc.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DELIVERED:  March 1,2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Antonio Martinez’s affidavit indicates that Juan Martinez actually paid for the equipment, but the receipts show Antonio Martinez as the recipient or purchaser.

3:
We are not convinced that Appellees’ pleadings sufficiently plead such facts, but for purposes of our analysis we will so presume.

4:
Appellants objected to this statement on hearsay grounds, and the trial court initially sustained their objection.  However, the trial court subsequently withdrew that ruling and took the issue under advisement.  Ultimately, the trial court did not finally rule on the objection. 

5:
Appellees point to no evidence and provide no arguments supporting findings of fact 5(h), 5(i) and 5(k).

6:
In support of their general jurisdiction arguments, Appellees rely upon several of the findings of fact that we have determined are not supported by any evidence—findings of fact 5(h), 5(i), and 5(k).  Consequently, we do not  include an analysis of these nonfacts in our minimum contacts anaysis.