Opinion by
Will-son, J.
§ 216. Parties; making additional.- Before a case is called for trial, additional parties may, where they are necessary or proper parties to the suit, be brought in by proper process, either by the plaintiff or the defendant, upon such terms as the court may prescribe. [E. S. art. 1209.] . And it is well settled, that persons against whom the defendant would ¿ave a right of action, in case judg *168 ment go against him, may be made defendants on his application. [Sayles & Bassett’s Pl. & Pr. § 279.]
§ 217. Principal and agent; when principal is hound hy contract of agent. It is a well settled rule of law, that the principal is bound by the act of his agent, done within the scope of his apparent authority, in dealing with innocent third persons, although such act may be in direct violation of his private instructions. [Merrimah v. Fulton, 29 Tex. 97.] Indeed, for most practical purposes, a party dealing with an agent, who is acting within the apparent scope of his authority and employment, is to be considered as dealing with the principal himself. If it is a case of contract, it is the contract of thé principal. If the agent, at the time of the contract, makes any representation, declaration or admission, touching the matter of the contract, it is treated as the representation, declaration or admission of the principal himself. [Story on Agency, § 135.] It is also a well settled rule of law, that if a principal puts it in the power of his agent to make contracts, or to do acts, apparently within his authority, which will result in injury to innocent third persons, or to the principal, the law imposes the loss upon the latter. [1 Wait’s Act. & Def. 286.] In this case Stimson executed his negotiable note to one Boone, an agent of appellant, for the premium on a policy of life insurance, which Boone was to obtain from his company, and which policy was to be conditioned so as to allow Stimson to travel without restriction, and it was agreed that Boone should hold the note until the policy was delivered to Stimson, and, in case it was not delivered, the note was to be void. The policy, as thus contracted for, was never obtained and delivered to Stimson. Boone sold and transferred the note before its maturity, and it came to the hands of appellees before maturity, and théy instituted this suit upon it. Stimson made the insurance company a party to the suit, and prayed for judgment oyer against said company iii the event appellees obtained judgment against him. It was proved that *169 Boone was general agent of the company to solicit policies, etc., but that he had no authority to receive notes, or anything but money, for premiums; that he had, however, on several other occasions, received notes for premiums, and had sold the same, as he did this one, and that the money thus obtained was forwarded to and received by the company as premiums on policies for which the notes were given. Held, that the company was a proper party to the suit, and was liable over to Stimson for the amount of the udgment rendered against him on the note.
May 31, 1884.
Affirmed.