In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00467-CV
_____

DOLORES FAY BOVIS, Appellant

V.

VALERIE MANIS AND SUSAN ZINNECKER POOLE, Appellees

On Appeal from the County Court at Law No. 2
Montgomery County, Texas
Trial Cause No. 14-28329

**MEMORANDUM OPINION**

In this forcible detainer suit, the tenant, Dolores Fay Bovis, appeals from a judgment entered in favor of the landlords, Valerie Manis and Susan Zinnecker Poole. In her appeal, Bovis challenges the sufficiency of the evidence to support the trial court's finding that she breached the terms of a residential lease by failing to pay rent. We affirm.

In 2009, Bovis leased a house from Manis and Poole. The lease required that Bovis pay rent on the first day of each month. Under the lease, if Bovis were to

1

default on her obligation to pay rent, Manis and Poole were authorized to terminate the lease and to take possession of the house. In June 2014, Manis sent Bovis a letter stating that the lease on the house was being terminated for nonpayment, and asking Bovis to vacate the property. In July 2014, Manis and Poole sued Bovis, seeking to evict her from the house and to collect the rent they claimed was in arrears. The justice court rendered a judgment awarding Manis and Poole possession of the home, back rent, and interest.

Bovis appealed the case to the county court, exercising her right to obtain a trial de novo on the forcible detainer suit. *See* Tex. R. Civ. P. 506.1; Tex. R. Civ. P. 506.3. Following a bench trial in the county court at law, the trial court evicted Bovis from the house, awarding Manis and Poole possession of the house and $787 based on their claims for back rent and late fees.

In the pro se brief that Bovis filed in support of her appeal, she contends the evidence is insufficient to support the trial court's finding that she was in default under the lease on her rent. In evaluating legal sufficiency challenges arising from a bench trial, we consider whether the evidence at trial enabled the trial court to reasonably conclude that Bovis breached the lease by failing to timely pay the rent called for under the terms of the lease. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794

2

(Tex. 1991). In reviewing the finding, we view the evidence in the light that is most favorable to the judgment and indulge every reasonable inference that supports it. *See City of Keller*, 168 S.W.3d at 822. Also, in our review, we credit favorable evidence if the trial court could have reasonably done so, and we disregard contrary evidence unless the trial court could not have disregarded such evidence. *Id.* at 807, 827. In bench trials, the trial court acts as the exclusive judge of the credibility of the witnesses, determines the weight that should be given to the testimony, and is free to resolve any inconsistencies that may exist in the evidence. *Shaw v. Cty. of Dallas*, 251 S.W.3d 165, 169 (Tex. App.—Dallas 2008, pet. denied).

In this case, whether Bovis breached the lease by failing to timely pay her rent was one of the factual disputes the trial court resolved in reaching its conclusion that Manis and Poole were entitled to prevail on their suit against Bovis. Manis provided the only relevant testimony during the trial regarding whether Bovis was in default under the terms of her lease.

During the trial, Manis testified that under the terms of the lease, Bovis owed $755 per month for rent, which she was required to pay in advance on the first day of each month. The lease has a provision consistent with Manis's testimony regarding the amount and dates Bovis's rental payments were due.

Manis further explained that if a rent payment remained unpaid by the twenty-fifth of the month, the lease provided for an additional five percent charge, which was to be applied to the rent that was due. According to Manis, Bovis paid her January 2014 rent in late January, but she failed to pay rent in February. Bovis then paid one month's rent in March, but she failed to pay any rent in April. Although Bovis gave Manis a check in May to pay for the rent she owed for March, the check was returned because Bovis did not have sufficient funds in her account to cover the check. In June, Bovis paid three months' rent.

On June 26, 2014, Manis demanded possession of the house due to Bovis's failure to pay her June rent and late payment fees that Manis asserted were due for the months of March, April, and May. On July 5, 2014, Bovis gave Manis a check for $787.[1] However, Manis explained that when she attempted to cash the check at Bovis's bank, the bank refused to honor the check. According to Bovis, the bank should have honored her check because she has overdraft protection on her checking account. Bovis explained that she was told by the manager of the bank that if her July 2014 check had been deposited into her account and processed, it would have been paid. When asked why her overdraft protection did not cause the bank to honor the May 2014 check that Bovis used to pay that month's rent, Bovis

_____

[1] A copy of the check is included in the exhibits admitted during the trial, and the check is dated July 3, 2014.

stated that she could not recall why the bank failed to use her overdraft protection to pay that check. According to Bovis, it was possible that she had more than one check returned that month, and that her check to Manis exhausted the amount of overdraft protection she had on her account.

In her appeal, Bovis argues that the evidence before the trial court showed that she was current on her rent when she was sued for possession. According to Bovis, based on a history of having accepted late payments for her rent, Manis and Poole waived their right to terminate the lease based on any failure to pay the rent due in any given month by the first day of the month. Bovis also argues that the evidence regarding the bank's refusal to honor her July 2014 check was hearsay, and she contends that she was not in default on the obligations of her lease which occurred because Manis failed to deposit Bovis's July 2014 check after learning that there were not sufficient funds in the account to cover the check. In response, Manis and Poole contend that the evidence is sufficient to support the trial court's finding that Bovis defaulted on her obligations under the lease.

The trial court was obligated to resolve the discrepancies that existed in the testimony regarding whether Bovis defaulted on the lease. *See Shaw*, 251 S.W.3d at 169. For example, as the sole judge of the credibility of the witnesses, the trial court was entitled to reject Bovis's testimony that she had overdraft protection on

5

her bank account. Additionally, the trial court could have reasonably believed Manis's account that she attempted to cash Bovis's check, and that the bank refused Bovis's July 2014 check because Bovis's account did not have sufficient funds to cover the check. Because the trial court could reasonably have believed Manis's testimony, we conclude that the evidence is sufficient to support the trial court's finding that Manis defaulted on her obligations under the lease by failing to pay the rent that she owed for the month of June 2014. Or, the trial court could have reasonably concluded that the lease required payments to be drawn on an account that contained sufficient funds to cover the full amount of the check that was being tendered to meet Bovis's obligation to pay her rent, and that the check Bovis tendered for her June rent was written against an account that did not have sufficient funds.

Viewed in the light most favorable to the trial court's findings, the evidence supports the conclusion that Bovis breached the lease by defaulting on her obligations under the lease. We hold that the evidence is sufficient to support the trial court's judgment.[2] *Wilson*, 168 S.W.3d at 822, 827. The trial court's judgment is affirmed.

---

[2] In a pro se addendum to her brief, which we are treating as a reply brief, Bovis advances several arguments that are beyond the scope of the issues that she raised in her opening brief. With respect to these, we conclude that certain of the

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on July 15, 2015
Opinion Delivered April 14, 2016

Before Kreger, Horton, and Johnson, JJ.

---

arguments raise matters that go beyond the scope of the issues relevant to the forcible detainer suit that is now on appeal. We further note that Manis and Poole objected to our considering Bovis's addendum as her arguments exceed those that she raised in her opening brief. To the extent that Bovis's reply brief contains arguments that exceed the scope of the issues found in her opening brief, Rule 38.7 does not require that we allow Bovis to supplement her brief. *See* Tex. R. App. P. 38.7. To the extent Bovis's addendum addresses matters unresponsive to the appellees brief, we do not consider them. *See* Tex. R. App. P. 38.3.